IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD TYRONE BROWN,

    Plaintiff,

v.                                                            CASE NO. 1:18-cv-249-MW-GRJ

KK TAYLOR, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at the Reception and Medical Center in Lake Butler, Florida, initiated this *pro se* action pursuant to 42 U.S.C. § 1983 by filing a complaint and handwritten letter in support. ECF Nos. 1 & 2. After finding that Plaintiff's original Complaint and First Amended Complaint were deficient, the Court entered an order on March 1, 2019, allowing Plaintiff one final opportunity to amend his complaint on or before April 1, 2019. ECF No. 10. In the order, the Court admonished Plaintiff that the failure to comply with the order would result in a recommendation to the district judge that the case be dismissed for failure to prosecute and failure to follow a Court order. *Id.* at 6-7.

On March 21, 2019, the Court received a "Notice of Change of Address and Notice to the Court," in which Plaintiff stated that he was

1

transferred to Jefferson Correctional Institution. ECF No. 12. In the letter, Plaintiff further complained of difficulty researching his case at the Jefferson CI law library. *Id.* Plaintiff did not file his Second Amended Complaint by the April 1 deadline.

On April 8, 2019, the Court received another handwritten letter from Plaintiff, docketed as a "Motion to Extend Time, Motion to Dismiss, and Notice of Change of Address." ECF No. 13. Attached to the letter Motion was a second letter dated March 26, 2018, which Plaintiff had inadvertently sent to the wrong address. *Id.* at 2. In the letters, Plaintiff stated he was transferred to the Reception and Medical Center to undergo surgery. *Id.* at 1-2. Plaintiff stated he wished to stop pursuing his case but also requested additional time to work on his case. *Id.*

Because it was unclear from the letter Motion whether Plaintiff sought an extension of time or wished to voluntarily dismiss this action, the Court denied the motion and ordered Plaintiff to file a Second Amended Complaint along with the initial partial filing fee—which the Court had not received—by May 1, 2019. ECF No. 14. The Court again admonished Plaintiff that the failure to comply with its order will result in a recommendation that this lawsuit be dismissed for failure to prosecute. *Id.*

at 4. As of the date of this Order, Plaintiff has not filed a Second Amended Complaint, and the Court has not received his initial partial filing fee.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

The Court allowed Plaintiff numerous opportunities to amend his complaint to state a claim for relief and to pay the requisite initial partial filing fee. Despite clear directives from the Court, Plaintiff has failed to comply with the Court's order and has failed to prosecute his case.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IN CHAMBERS** this 14th day of May 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**